In the Matter of JOHN KOPCHIK et al., Individually and Constituting the Board of Education of Union Free School District No. 4 of the Town of Greenburgh, Appellants, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered May 23, 1972 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel the Commissioner of Education to pay building State aid on expenditures made by petitioner School District during the school year 1970-71. On February 11, 1966 respondent, Commissioner of Education, amended the Master State Plan of School District Reorganization pursuant to subdivision 2 of section 314 of the Education Law to provide for a merger of the Hastings School District and the Dobbs Ferry School District (two Union Free School Districts) to form a Central School District. An order was thereafter issued by the Commissioner on March 9, 1966 laying out the boundaries of the proposed Central School District pursuant to section 1801 of such law. The voters residing in the prospective districts defeated the proposed merger. By reason of the failure to call a new election within two years as provided by subdivision 6 of section 1803-a of the Education Law, the March 9, 1966 order was rendered null and void. The order of February 11, 1966 announcing the State Plan for Reorganization of these two districts, however, remains in effect. In February, 1969 the voters of appellant Hastings School District (hereinafter referred to as Hastings) approved the expenditure of $1,195,000 for expansion of an existing elementary school in its district. Thereafter, and on August 26, 1970, Hastings filed a formal written application with respondent for apportionment of school building aid in connection with such construction, pursuant to section 3602 (subd. 10, par. a, cl. [2]). Hastings was advised by the Commissioner on December 14, 1970 that its application "had to be denied as of November 26, 1970 because of the provisions of subdivision 6 of section 314 of the Education Law." The pertinent part of subdivision 6 of section 314 prior to a 1971 amendment

provided: "Whenever any school district scheduled for reorganization pursuant to the state plan of reorganization * * * has not consolidated or reorganized in accordance therewith within two years after the entry of an order pursuant to subdivision two herein establishing such final plan or reorganization for the affected district * * * commencing with the school year following the school year in which the two-year period expired, such school district shall not be eligible to receive any building aid exceeding the building aid which such district would be entitled to receive in accordance with the applicable provisions of the education law in existence on July first, nineteen hundred sixty-five until such reorganization shall take place, except for such additional amounts as may be computed as due on debt service already incurred." Chapter 1140 of the Laws of 1971 (effective July 6, 1971) added the following clause: "provided, however, that nothing contained in this subdivision shall prevent the apportionment of building aid for construction, reconstruction, alterations of or additions to school building facilities for the use of grades kindergarten through eight, provided the commissioner shall find that (1) existing facilities are obsolete or inadequate and (2) that the construction for which aid is sought would be capable of substantial educational use by the reorganized district in the event that the reorganization under the existing plan for reorganization is effected." We agree with Special Term that this amendment can be given prospective application only. Involved in this proceeding is the denial of apportionment of school building aid to Hastings for debt service payments made by it prior to July 6, 1971 only. The issue is thus narrowed to whether the refusal of respondent to apportion school building aid to Hastings for debt service payments by it during the school year 1970–71 in connection with the expansion of its elementary school was contrary to law. We conclude that the prohibition contained in subdivision 6 of section 314 would not automatically render a school district ineligible to receive building aid allowable under the law in effect prior to the 1971 amendment. The prohibition applied only to the additional incentive apportionment provided for in subdivisions (c) and (d) of section 3602. (See *Matter of Carter* v. *Allen*, 25 N Y 2d 7, when read together with § 314, subd. 6 and §3602, subd. 10, pars. a, c and d, as amd. by L. 1965, ch. 745.) Subdivision 6 of section 3602 provides generally for apportionment for capital outlays and debt service for school building purposes. Section 3602 (subd. 10, par. a, cl. [2]) provides, in essence: "(2) In order to obtain an apportionment under subdivision six of this section for a district scheduled for reorganization and not reorganized, such district shall file with the commissioner a formal written application therefor, (a) showing (i) inadequacy or obsolescence of present facilities, and (ii) that such construction for which such apportionment is sought would be capable of substantial educational use by the reorganized district in case the reorganization under the existing plan of reorganization is effected, and that it will provide more efficient and more economical educational facilities for such reorganized district in the best educational interest of the children in the reorganized school district * * *. The commissioner shall within ninety days grant such apportionment or deny such apportionment with leave to the district to petition for a formal hearing. Such hearing shall be held pursuant to the procedures provided in subdivision three of section three hundred fourteen of this chapter." In the instant proceedings Hastings was advised by the Commissioner that its application was denied because of the provisions of subdivision 6 of section 314. Respondent's basis for denial was clearly erroneous. Hastings immediately commenced this article 78 proceeding, instead of seeking an administrative

review pursuant to section 3602 (subd. 10, par. a, cl. [2]). Application for such review is a condition precedent to Hastings' resort to the courts in an article 78 proceeding (*Matter of Baldwin* v. *McCoy*, 35 A D 2d 1059, affd. 31 N Y 2d 887), and the petition was, therefore, properly dismissed. We note, however, that there is no statutory time limitation within which to seek that review and Hastings, upon petition therefor, should be afforded a formal hearing by respondent on the denial of its application for apportionment of building aid for the school year in question. Judgment affirmed, without costs. Greenblott, J. P., Cooke, Sweeney and Main, JJ., concur; Kane, J., not taking part.